# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | |
|---|---|
| **JUAN RIVERA,** | ) |
| | ) |
| Plaintiff, | )   **Civil Action No.** |
| | ) |
| v. | )   **COMPLAINT** |
| | )   **JURY TRIAL DEMANDED** |
| **COMMERCIAL RECOVERY** | ) |
| **SYSTEMS, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

JUAN RIVERA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code §392 *et seq.* and Texas Common Law.

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. §1367 *et seq*.

4.      Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(2), as Defendant conducts business and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5.      Plaintiff is a natural person who resides in Roma, Texas 78584.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a Texas debt collection company with its principal office located at 8035 RL Thornton Freeway, Suite 220, Dallas, Texas 75228.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      At all relevant times, Defendant was seeking to collect a consumer debt alleged to be owed by Plaintiff.

11.       The alleged debt, a Chase Bank credit card account, arose out of transactions that were for personal, family or household purposes.

12.      As Plaintiff has no business debt, the alleged debt could only be personal in nature.

13.     Beginning in or around June 2011, and continuing through January 2012, Defendant placed repeated and continuous telephone calls to Plaintiff's cellular telephone in order to collect the alleged debt.

14.     In the beginning, Defendant placed near-daily telephone calls to Plaintiff, and, at times, called him two (2) to three (3) times a day.

15.     Then, in or around September 2011, and continuing through November 2011, Defendant called Plaintiff, on average, once a week, in its attempts to collect a debt.

16.     Thereafter, in November 2011, and continuing through January 2012, Defendant increased the frequency of its calls to Plaintiff, calling him one (1) to three (3) times a day.

17.     In an effort to send a clear message that the calls were viewed as unwelcome, Plaintiff began a practice of hanging up immediately when calls came in; however, Defendant then immediately called back each time. Upon information and belief, the only reason to call back habitually in this manner, was to annoy, abuse and harass Plaintiff.

18.     Plaintiff is a Spanish speaking person who avoids communicating with people who do not speak Spanish.

19.     Defendant utilized Spanish speaking collectors in communications with Plaintiff.

20.     When Plaintiff was afforded a Spanish-speaking collector to speak with, the collector threatened to "garnish his wages" and "call his job" if payment was not received.

21.     On one occasion, Defendant's collector threatened to "take legal action against [Plaintiff] if [he] didn't agree to pay [them] over the phone."

22.     Defendant's collectors demanded Plaintiff "use his current credit card to pay [them] in full" when Plaintiff disputes owing the alleged debt.

23.    Plaintiff insisted on receiving something in writing from Defendant regarding the alleged debt before he would consider making any payment, to which Defendant's collectors demanded $2,000.00 and that "the only way the calls would stop is if [he] paid [them] in full."

24.    On January 10, 2012, Defendant threatened that if Plaintiff did not pay "by January 12, 2012," they "would take the next step," which Plaintiff understood to be a threat of legal action.

25.    Defendant has never sent Plaintiff anything in writing containing any proof that he owed the alleged, in either English or Spanish.

26.    Defendant took the actions described above with the intent to harass, deceive and coerce payment from Plaintiff.

## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

a.   Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.   Section 1692d(5) of the FDCPA prohibits debt collectors from causing a consumer's telephone to ring repeatedly with the intent to annoy the hearer.

c.   Defendant violated §§1692d and 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring multiple times on numerous days each week with the intent to annoy Plaintiff.

**COUNT II**

a.  Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

b.  A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c.  Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or is not intended to be taken.

d.  Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

e.  Defendant violated §§1692e and 1692e(4) when it threatened to garnish Plaintiff's wages without the intent and/or legal authority to do so, when it threatened to bring take legal action against Plaintiff without the intent and/or legal authority to do so, and when it engaged in other deceptive conduct in its attempt to collect the alleged debt.

**COUNT III**

a.  Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

b.  Defendant violated §1692f of the FDCPA when it would immediately call back Plaintiff after he had hung up the phone; not provide Plaintiff with

documentation of the debt despite his repeated requests; and when it engaged in other unfair or unconscionable means to collect an alleged debt from Plaintiff.

## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

## COUNT IV

a.  Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

b.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

c.  Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

d.  Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

e.  Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number.

## COUNT V

a.  Section 392.303(a) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

b.  Defendant violated §392.303(a) when it would immediately call back Plaintiff after he had hung up the phone; not provide Plaintiff with

documentation of the debt despite his repeated requests; and when it engaged in other unfair or unconscionable means to collect an alleged debt from Plaintiff.

## COUNT VII

a. Section 392.301(a) of the Texas FDCPA prohibits debt collectors from threatening to seize property without a court proceeding and threating to take an action prohibited by law.

b. Defendant violated §392.301(a) when it threatened to garnish Plaintiff's wages and commence legal action without the authority to do so.

## INTRUSION UPON SECLUSION

## COUNT VIII

a. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

b. The Restatement of Torts, Second, §652(b) defines intrusion upon seclusion as, "one who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

c. Further, Texas recognizes Plaintiff's right to be free from invasions of privacy. Texas State Employees Union v. Texas Dep't of Mental Health and Mental Retardation, 746 S.W.2d 203 (Tex.1987).

d. Defendant intentionally and unreasonably intruded upon Plaintiff's right of privacy by its continuous, repeated and harassing calls to Plaintiff.

e. Defendant's conduct resulted in multiple invasions of privacy which would

be considered highly offensive to a reasonable person.

    f.   As a result of Defendant's conduct, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

    g.   All the acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

WHEREFORE, Plaintiff, JUAN RIVERA, respectfully prays for a judgment as follows:

    a.   All actual damages suffered;

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A), and of $100 pursuant to Tex. Fin. Code 392.403(a)(2);

    c.   Punitive damages;

    d.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b); and

    d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JUAN RIVERA, demands a jury trial in this case.

DATED:  12/24/2012                     KIMMEL & SILVERMAN, P.C.

                                       By:   /s/ Amy L. Bennecoff
                                             Amy L. Bennecoff
                                             Kimmel & Silverman, P.C.
                                             30 East Butler Pike
                                             Ambler, Pennsylvania 19002
                                             Phone: (215) 540-8888
                                             Facsimile (877) 788-2864
                                             Email: abennecoff@creditlaw.com